OSCN Found Document:STATE OF OKLAHOMA ex rel. OBA v. KLINE

 

 
 STATE OF OKLAHOMA ex rel. OBA v. KLINE2026 OK 10Case Number: SCBD-8076Decided: 02/23/2026THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2026 OK 10, __ P.3d __

 
FOR PUBLICATION IN OBJ ONLY. NOT FOR OFFICIAL PUBLICATION. 

State of Oklahoma ex rel. Oklahoma Bar Association, Complainant,
v.
Jesse David Kline, Respondent.

ORDER OF INTERIM SUSPENSION

¶1 On January 29, 2026 the Complainant Oklahoma Bar Association (OBA) filed a verified complaint against the respondent, Jesse David Kline, pursuant to Rule 6 of the Rules Governing Disciplinary Proceedings (RGDP), 5 O.S.2011, ch. 1, app. 1-A. The OBA, with the concurrence of the Professional Responsibility Commission, requests an emergency interim suspension of Respondent from the practice of law pursuant to Rule 6.2A of the RGDP.

¶2 In support, the Complainant states that on January 13, 2026 an Information was filed against Respondent in Woods County District Court, in State of Oklahoma v. Jesse D. Kline, Case No. CF-2026-4. Respondent was charged in CF-2026-4 with 9 Felony counts of Exploitation of an Elderly Person or Disabled Adult by Deception in violation of 21 O.S. §843.4

¶3 Complainant states that Respondent was also charged in Woods County District Court Case No. CF-2026-4 with two counts of Felony Embezzlement in violation of 21 O.S. §1451

¶4 Complainant states that the 11 count felony charges against Respondent are directly related to Respondent's license to practice law and that the misconduct violates Rules 1.15, 8.4(a)(b)(c) and (d) of the Oklahoma Rules of Professional Conduct and Rule 1.3 of the Rules Governing Disciplinary Procedure. As a result, Complainant, with the concurrence of the Professional Responsibility Commission, requests an emergency interim suspension of Respondent from the practice of law. The request for interim suspension is also based on evidence the OBA received via sworn Affidavit of Probable Cause for Arrest Warrant submitted by an agent of the Oklahoma State Bureau of Investigation. The affidavit avers that Respondent failed to file annual reports or accounting for fourteen years despite being the appointed guardian and financial caretaker of the elderly person. Complainant seeks an Emergency Order of Interim Suspension of Respondent due to the immediate threat of substantial and irreparable public harm posed by his license to practice law. Complainant advised the Court the Respondent did not object to an Order of Emergency Interim Suspension, but his consent was not to be taken as an admission of any wrongdoing, and he reserved the right to contest the allegations.

¶5 This Court ordered Respondent to show cause why an Order of Emergency Interim Suspension should not be entered. In his response, Respondent consented to an emergency interim suspension and asserted that his consent was not an admission of wrongdoing and that he reserved his right to contest the allegations in the Information filed in Woods County District Court case no. CF-2026-4 and in these disciplinary proceedings. Respondent also requests proceedings in this matter be stayed pending resolution of case no. CF-2026-4.

¶6 Upon consideration of the Complaint and application for an order of emergency interim suspension, and Respondent's Consent to entry of the emergency interim suspension, the Court finds that an Order of Emergency Interim Suspension should be entered.

¶7 IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that Jesse David Kline is immediately suspended from the practice of law pursuant to Rule 6.2A of the RGDP. Proceedings in this matter are stayed until further Order of this Court.

¶8 Respondent Jesse David Kline is ordered to give written notices by certified mail, within 20 days from the date of this order, to all of his clients having legal business then pending of his inability to represent them and the necessity for promptly retaining new counsel. If Jesse David Kline is a member of, or associated with, a law firm or professional corporation, such notice shall be given to all clients of the firm or professional corporation, which have legal business then pending with respect to which the Respondent had substantial responsibility. Respondent shall also file a formal withdrawal as counsel in all cases pending in any tribunal. Respondent must file, within 20 days from the date of this Order, an affidavit with the Commission and with the Clerk of the Supreme Court stating that he has complied with this Order, together with a list of the clients so notified and a list of all other State and Federal courts and administrative agencies before which the lawyer is admitted to practice. Proof of substantial compliance by Respondent with this Order shall be a condition precedent to any petition for reinstatement.

¶9 DONE BY ORDER OF THE SUPREME COURT in conference on February 23, 2026. 

/s_____________________________
CHIEF JUSTICE

Rowe, C.J., Kuehn, V.C.J., Winchester, Edmondson, Combs, Gurich, Darby, Kane, JJ., concur;

Jett, J., recused.